

## KEN PAXTON

### ATTORNEY GENERAL OF TEXAS

DANIEL M. ORTNER
Assistant Solicitor General

(512) 936-1896
Daniel.Ortner@oag.texas.gov

August 4, 2026

Via CM/ECF

Mr. Lyle W. Cayce, Clerk
United States Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

    Re:    No. 25-50914, *Fellowship of Christian University Students at the University of Texas v. Eltife*

Dear Mr. Cayce:

On July 24, 2026, a panel of this Court decided consolidated cases *Computer & Communications Industry Ass'n v. Paxton ("CCIA")*, No. 24-50721, and *Students Engaged in Advancing Texas v. Paxton ("SEAT")*, No. 25-5096, 2026 WL 2130729 (5th Cir., July 24, 2026). These decisions bear directly on the standing issues raised in this case. (Appellants' Br. 22–26).

The Court held that the *SEAT* plaintiffs lacked standing to challenge a Texas law regulating social-media platforms' treatment of minor users. The Court found that these plaintiffs could not challenge the law because it "directly regulates a third party rather than the plaintiffs themselves," and the plaintiffs could not show that the third party "will likely react in predictable ways" to create a substantial risk of suppressing the plaintiffs' own speech. 2026 WL 2130729 at *5. Likewise in this case, S.B. 2972 regulates "institution[s] of higher education," not students, and Appellees' asserted injury runs through the universities' independently adopted campus policies. Accordingly, Plaintiffs cannot show that it is "*likely* that the government's regulation or lack or regulation of someone will cause a concrete and particularized injury in fact" to them. *Id.*

Post Office Box 12548, Austin, Texas 78711-2548 • (512) 463-2100 • www.texasattorneygeneral.gov

Page 2

*CCIA/SEAT* also forecloses Plaintiffs' reliance on *Book People, Inc. v. Wong*, 91 F.4th 318 (5th Cir. 2024), one of their key cases. The Court explained that in *Book People* the challenged law "directly proscribed the plaintiffs' own conduct," and that no case has found standing for a pre-enforcement, chill-based challenge to a law that did not directly apply to the plaintiffs. 2026 WL 2130729 at *7. S.B. 2972 likewise does not "directly proscribe[]" Plaintiffs' speech. Plaintiffs' reliance on *Book People* is therefore misplaced.

Finally, *CCIA/SEAT* rejected the plaintiffs' reliance on the subjective chill the law might have on their own expressive activity or the expression of others. Those fears were "too subjective" and lacked an "objective basis" in the law's actual effect on the plaintiff. *Id.* at * 5, *10. Here likewise, Plaintiffs attempt to rely on the subjective chill they fear that S.B. 2972 will have on speech at UT Austin and UT Dallas, but that is inadequate to confer standing.

Respectfully submitted,

/s/ Daniel M. Ortner

Daniel M. Ortner
Assistant Solicitor General

cc: Appellees' counsel (via CM/ECF)