FIRE
Foundation for Individual Rights and Expression

August 14, 2026

**Via CM/ECF**
Mr. Lyle W. Cayce, Clerk of Court
United States Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, Louisiana 70130

***Re:*** ***Fellowship of Christian University Students at the University of Texas v. Eltife*****, No. 25-50914**

Dear Mr. Cayce:

On behalf of Appellees, I write in response to Appellants' August 4, 2026, Rule 28(j) submission, raising this Court's recent decision in the consolidated cases *Computer & Communications Industry Association v. Paxton*, No. 24-50721, and *Students Engaged in Advancing Texas v. Paxton*, No. 25-50096, 2026 WL 2130729 (5th Cir. July 24, 2026) ("*SEAT*").

S.B. 2972 commands public universities to impose specific, direct limits on student expression. *See* Appellees' Br. (Dkt. No. 42) at 19–23. Unlike the challenged provisions in *SEAT*, S.B. 2972 does not regulate third-party private entities. For that reason alone, Appellants' reliance on *SEAT* is misplaced.

*SEAT* concerned a state regulation on private social media providers, and held in part that a group of social media users lacked standing because they produced insufficient evidence showing it "*likely*" that at least one provider would "broadly over-filter" user content to reach the plaintiffs' speech. *Id.* at *7, *9 (emphasis in original). To that end, this Court concluded any injury-in-fact was "inherently speculative." *Id.* at *9–10.

So at most, *SEAT* holds a speculative chill cannot satisfy the injury-in-fact requirement. There is nothing speculative about Appellees' injury here. For instance, it is undisputed that UT-Dallas implemented S.B. 2972's commanded policies nearly word-for-word. Appellees' Br. at 30. It is thus *certain* that at least one university is acting as the statute directs. And given the statute's mandate

to Texas universities, it leaves all others no choice but to follow S.B. 2972's commands. *Id.* at 19–23. If Appellees, whose speech falls directly within the statute's proscriptions, violate one of the content-based restrictions on speech S.B. 2972 requires at their universities, they face disciplinary sanction. *Id.* at 28. That would chill any reasonable campus speaker, despite Defendants' contrary argument.

In fact, the Supreme Court just reaffirmed that an objective chilling injury satisfies injury-in-fact, even if the threat of enforcement simply "hangs" over a speaker's head. *First Choice Women's Res. Ctrs., Inc. v. Davenport*, 146 S. Ct. 1114, 1127 (2026). That reinforces why Appellees have standing here, no different than the booksellers in *Book People v. Wong*, 91 F.4th 318 (5th Cir. 2024).

Respectfully submitted,

Adam Steinbaugh
FOUNDATION FOR INDIVIDUAL RIGHTS
AND EXPRESSION (FIRE)

Counsel for Appellees

cc: all counsel of record (by ECF)