KEN PAXTON
ATTORNEY GENERAL OF TEXAS

DANIEL M. ORTNER
Assistant Solicitor General

(512) 936-1896
Daniel.Ortner@oag.texas.gov

August 31, 2026

Via CM/ECF

Lyle W. Cayce, Clerk
United States Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

**Re: No. 25-50914, *Fellowship of Christian University Students at the University of Texas v. Eltife***

Dear Mr. Cayce:

On August 24, 2026, the Supreme Cout of the United States granted the United States's request to stay a district court's injunction of a Presidential executive order. *Trump v. California*, No. 26A124, *Alabama v. Californi*a, No. 26A139, 609 U.S. ____, 2026 WL 2473573 (Aug. 24, 2026). The Court found that the States challenging the provisions of this executive order lacked standing and that their claims were not ripe. *Id.* at *1.

The Court's reasoning concerning one of the challenged provisions bears directly on Plaintiffs' standing in this case. The Court noted that one of the provisions in question "directs the Postal Service to issue a notice of proposed rulemaking." *Id.* at *4. The Court explained that this order was "not a proposed rule, let alone a final rule" and that it "imposes no legal requirements on the States (or, for that matter, on anyone outside the Executive Branch)." *Id.* But "[f]ederal courts review final rules, not proposed rules—and certainly not antecedent internal directives to propose a rule." *Id.* Accordingly, the States lacked standing to challenge the executive order. But the court noted that "[i]f the Postal Service's final rule harms the States, they may challenge that rule." *Id.*

The same is true in this case. S.B. 2972 is not a proposed or final speech policy. Instead, it is a law that merely "directs" campuses to enact their own speech policies. Appellants' Br. 20. Plaintiffs lack standing because S.B. 2972 is merely an "antecedent … directive" that campuses enact speech policies. Plaintiffs remain free to challenge and seek to enjoin the final campus specific speech policies, but they lack standing to seek an injunction against S.B. 2972 itself.

Respectfully submitted,

/s/ Daniel M. Ortner

Daniel M. Ortner
Assistant Solicitor General

cc: Appellees' counsel (via CM/ECF)