FIRE
Foundation for Individual Rights and Expression

September 30, 2026

**<u>Sent *via* CM/ECF</u>**
Mr. Lyle W. Cayce, Clerk of Court
United States Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, Louisiana 70130

***Re:*** ***Fellowship of Christian University Students at the University of Texas v. Eltife*, No. 25-50914**

Dear Mr. Cayce:

On behalf of Appellees, I write in response to Appellants' August 31, 2026, Rule 28(j) submission, raising the United States Supreme Court's decision in the consolidated cases *Trump v. California*, No. 26A124, and *Alabama v. California*, No. 26A139, 609 U.S. ___, 2026 WL 2473573 (Aug. 24, 2026). The decision does not bear on Appellees' standing to bring the First Amendment challenge before this Court, contrary to Appellants' argument otherwise.

In *Trump*, the Court held that states lacked standing to challenge an "internal directive from the President to his subordinates" directing particular agencies to "pursue certain policies," including that the Post Office "initiate a proposed rulemaking" about ballot envelopes. *Id.* at *1. The states sued before any rulemaking began. *Id.* at *4.

The Court held their injury was too speculative because it turned on action officials "*might* take in the future. … Emphasis on might." *Id.* at *2 (emphasis in original). The nature of that action was speculative because the directive limited its implementation to the "extent feasible and consistent with applicable law," so the states' injury depended on an "unduly long 'chain of inferences'" someday coming to fruition. *Id.* Courts cannot "stack[] hypothetical on hypothetical to speculate that harm will eventually materialize." *Id.*

510 Walnut Street, Suite 900 Philadelphia, PA 19106
Phone: 215-717-3473 Fax: 215-717-3440
fire.org

No crystal ball or chain of inferences is necessary here. In contrast to the uncertainty in *Trump* about what the directives asked the agencies to do, S.B. 2972's mandatory requirements are plain: universities "shall" adopt a policy that "must" prohibit, among other expression, all noncommercial speech at particular hours specified by the statute. Tex. Educ. Code § 51.9315(a)(2), (f)(2)(F).

Further, Appellees brought this challenge—to both the statute and the universities' policies—after the universities amended their policies in response to the statute's detailed mandates. ROA.41–44 at ¶¶ 153–160, 165–166; ROA.69 at ¶¶ (c)–(e). The Court's reticence in *Trump* to find standing through prediction has no bearing on Appellees' challenge to the clear mandatory language of a statute and the policies already implementing it.

Respectfully submitted,

Adam Steinbaugh
FOUNDATION FOR INDIVIDUAL
RIGHTS AND EXPRESSION (FIRE)

*Counsel for Appellees*

cc: All Counsel of Record *via* CM/ECF