FIRE
Foundation for Individual Rights and Expression

October 1, 2026

**Sent *via* CM/ECF**
Mr. Lyle W. Cayce, Clerk of Court
United States Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, Louisiana 70130

***Re: Fellowship of Christian University Students at the University of Texas v. Eltife*, No. 25-50914**

Dear Mr. Cayce:

On behalf of Appellees, I write to address this Court's recent decision in *Rash v. Lafayette Cnty.*, No. 24-60558 (5th Cir. Sept. 17, 2026) (Ex. A).

*Rash* illustrates why Appellees here are likely to succeed on the merits. The *Rash* curfew closed courthouse grounds "to all uses beginning one hour after sunset until dawn[.]" *Id.* at 6 (emphasis omitted). That bar did not directly advance the government's important interest in public safety. *Id.* at 9. Even if it did, and even if conceptualized as a content-neutral time, place, or manner restriction, the ban was not narrowly tailored because it banned speech "from sundown to sunup." *Id.* at 9–10. Texas's content-based restriction on speech after dark similarly fails—at least—a narrow-tailoring analysis.

And *Rash* helpfully illustrates why Appellees have standing to challenge the policies and statute chilling their speech. Here, as in *Rash*, Texas Education Code § 51.9315(f)(2) mandates that universities regulate Appellees' speech and will have a "deterrent, or chilling, effect[.]" *Rash*, slip op. at 14 (quoting *Speech First, Inc. v. Fenves*, 979 F.3d 319, 332, 335 (5th Cir. 2020)). Although whether Rash was subject to the policies depended on officials' "discretion[,]" it is "the fact that an individual is 'subject to' or 'affected by'" the policy that "creates the risk of chilled speech." *Id.* (quoting *CAMP Legal Def. Fund, Inc. v. City of Atlanta*, 451 F.3d 1257, 1274–75 (11th Cir. 2006)). That risk is greater here, where the statute leaves universities no discretion about whether to adopt its prescribed policies.

510 Walnut Street, Suite 900 Philadelphia, PA 19106
Phone: 215-717-3473 Fax: 215-717-3440
fire.org

The First Amendment does not rise and fall with the sun. *See id.* at 10 ("[T]he question is not whether the curfew provision is reasonably related to the earth's rotation on its axis."). This Court should affirm for the reasons *Rash* gave.

Respectfully submitted,

Adam Steinbaugh
FOUNDATION FOR INDIVIDUAL
RIGHTS AND EXPRESSION (FIRE)

*Counsel for Appellees*

cc: All Counsel of Record *via* CM/ECF