KEN PAXTON
ATTORNEY GENERAL OF TEXAS

DANIEL M. ORTNER
Assistant Solicitor General

(512) 936-1896
Daniel.Ortner@oag.texas.gov

October 2, 2026

Via CM/ECF

Lyle W. Cayce, Clerk
United States Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

**Re: No. 25-50914, *Fellowship of Christian University Students at the University of Texas at Dallas v. Eltife***

Dear Mr. Cayce:

This letter responds to Appellees' October 1 Rule 28(j) letter regarding this Court's decision in *Rash v. Lafayette County*, No. 24-60558, 2026 WL 2758710 (5th Cir. Sept. 17, 2026).

Contrary to Appellees' assertion (at 1), *Rash* has no bearing on Appellees' standing to seek an injunction against enforcement of S.B. 2972. The plaintiff in *Rash* challenged a courthouse policy that was enacted and enforced directly by Lafayette County. By contrast, Appellees have sought an injunction against enforcement of S.B. 2972, a state law that was enacted by the Legislature and is not enforced by anyone, much less against Appellees. S.B. 2972 instead merely directs universities to enact campus-specific policies. Appellants' Br. 23-27.

On the other hand, *Rash* demonstrates that the district court erred when granting a preliminary injunction and supports Appellants' argument that if this Court reaches the merits it should remand for proper analysis. Appellants' Br. 45-48. In *Rash*, the Court determined that the district court correctly enjoined the curfew provision *as applied to the plaintiff* based on the absence of any evidence in the record, even after a full bench trial, of public safety concerns that could justify the curfew policy. 2026 WL 2758710, at *2. With regard to the plaintiff's facial challenge,

however, the Court did not reach the merits but instead remanded the case to the district court for further analysis under *Moody v. NetChoice, LLC*, 603 U.S. 707, 723 (2024). There, the plaintiff would bear the "heavy burden" to "identify the '*full range*' of Policy applications and show that their 'unconstitutional applications substantially outweigh [the] constitutional ones.'" *Rash*, 2026 WL 2758710, at *8 (quoting *NetChoice, L.L.C. v. Paxton*, 121 F.4th 494, 497–98 (5th Cir. 2024)).

In this case, neither Appellees nor the district court conducted the required *Moody* analysis. Appellants' Br. 47. Indeed, the district court did not refer to *Moody* even once. The district court therefore should not have granted a preliminary injunction. Rather than reach the merits of S.B. 2972, *Rash* suggests the Court should vacate the preliminary injunction and remand for further consideration.

Respectfully submitted,

/s/ Daniel M. Ortner

Daniel M. Ortner
Assistant Solicitor General

cc: Appellees' counsel (via CM/ECF)